J. A. MAJORS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6403.    Decided October 29, 1926.

A contribution to Tulane University *held* not a business expense.

*M. E. Sanders, C. P. A.,* for the petitioner.
*W. Frank Gibbs, Esq.,* for the respondent.

This is a proceeding for the redetermination of deficiency in income and profits taxes for 1921 in the amount of $20. The deficiency arises from the action of the Commissioner in disallowing as a deduction a contribution of $200 made by the taxpayer to Tulane University.

### FINDINGS OF FACT.

The taxpayer is a Louisiana corporation with its principal office at New Orleans. It is engaged in the business of operating a book store in New Orleans. For several years prior to 1915 it operated a branch store at Tulane University. The students of the University bought books from the taxpayer. In 1915 the branch store operated at the University, having been operated at a loss, was abandoned. The taxpayer paid the University $30 a month rental for space occupied at the University.

During 1921 contributions were solicited for the University and the taxpayer contributed during that year $200. One of the reasons for this contribution was the fact that the students of the University constituted a substantial portion of taxpayer's customers and the further fact that the taxpayer felt under some obligation to the University on account of relieving it of its rental contract for space occupied by the branch store at a loss.

### OPINION.

TRAMMELL: The question here involved is whether a contribution of $200 to Tulane University by the taxpayer was an ordinary and necessary expense of carrying on its trade or business, or whether it was, as it purported to be, a contribution or gift. If it was in fact a gift or contribution, it is not deductible, because gifts or contributions made by corporations are not allowed as deductions.

The benefits sought to be derived by the so-called contribution are indirect and remote. There was no obligation on the part of the taxpayer to make the payment; it was not made in connection with the operation of the taxpayer's trade or business, and, in our opinion, the amount is not deductible as an ordinary and necessary expense paid or incurred during the year.

*Judgment will be entered for the Commissioner.*